UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


LINDSEY WILLIAMS,                        Case No. 1:14-cv-241
         Petitioner,


                                         Bertelsman, J.
     vs.                                 Litkovitz, M.J.


WARDEN, LONDON                           **REPORT AND**
CORRECTIONAL INSTITUTION,                **RECOMMENDATION**
         Respondent.


        Petitioner, an inmate in state custody at the London Correctional Institution in London,

Ohio, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).

Although the petition was filed *pro se*, petitioner is now represented by counsel who entered an

appearance in the case on October 21, 2014.  (*See* Doc. 13). This matter is before the Court on

respondent's motion to dismiss filed August 14, 2014.  (Doc. 8).  On December 18, 2014,

petitioner's counsel filed a response in opposition to the motion on petitioner's behalf.  (Doc. 16).

The matter is now ripe for disposition.

## I.  PROCEDURAL HISTORY

### A. State Proceedings

        This case has had a long convoluted procedural history in the state courts, which is set

forth below.

#### 1. Trial and Direct Appeal Proceedings:  January 2007-February 2, 2009

In January 2007, the Warren County, Ohio, grand jury returned a twenty-count indictment

charging petitioner with twelve counts of felonious assault of a peace officer in violation of Ohio

Rev. Code § 2903.11(A)(2) (Counts 1-12); one count of aggravated robbery in violation of Ohio

Rev. Code § 2911.01(A)(1) (Count 13); one count of inducing panic in violation of Ohio Rev.

Code § 2917.31(A)(3) (Count 14); one count of improperly discharging a firearm at or into a

habitation in violation of Ohio Rev. Code § 2923.161(A)(1) (Count 15); one count of failure to

comply with an order or signal of a police officer in violation of Ohio Rev. Code § 2921.331(B)

(Count 16); and four counts of aggravated menacing in violation of Ohio Rev. Code § 2903.21(A)

(Counts 17-20). (Doc. 8, Ex. 1). A firearm specification was attached to all charges except for

the four aggravated menacing counts. (*Id.*).

It appears from the record that the incident giving rise to the charges occurred in 2006,

when police surrounded petitioner's residence "after receiving a phone call that he and his

girlfriend had a confrontation." (*See id.*, Ex. 58, at PAGEID#: 785). Petitioner began shooting at

the officers when he saw them use a Taser to subdue his twin brother, who was also present at the

scene and "ended up in a struggle with the police." (*Id.*, at PAGEID#: 786). Apparently, a four

and one-half hour standoff ensued, during which petitioner "fired 134 rounds of ammunition at

the officers." (*See id.*). Petitioner fled the scene in a stolen police cruiser, but was eventually

captured after he was shot by officers who had followed in pursuit. (*Id.*). At the plea hearing

held on September 28, 2007, where petitioner entered a guilty plea to all counts, the prosecuting

attorney provided the following summary of the evidence that would establish petitioner's guilt

on each charge:

> The evidence would show beyond a reasonable doubt with Counts 1 through 12,
> which all read the same, that between December 30, 2006, December 31, 2006, [at
> an address in] Warren County, Ohio, the defendant did attempt to cause harm to 12

2

officers being Deputy Creck, Deputy Smith, Lieutenant Will Hatfield, Deputy Poque, . . . Deputy Snelling, Deputy Purdy, . . . Deputy Naumobski, . . . Deputy Tewmey, . . . Deputy Phillips, Deputy Doerflein, . . . Officer Ructer and Officer Tolliver [who] were all shot at at the location at the time from numerous bullets and numerous weapons. . . .

These 12 counts all have a specification[] attached to each one which reads between December 30th and December 31, 2006, at [the Warren County] location this defendant did discharge a firearm at the peace officers, being the same 12 officers. . . .

On Count 13 the evidence would show beyond a reasonable doubt at the same date of December 30, 31, 2006, at the same address, . . . the defendant, in attempting to commit a theft offense did have a deadly weapon on or about his person or under his control and either displayed this weapon or brandished it.

And on this count the defendant took a police cruiser while armed with three different guns and drove away with the police cruiser. . . .

Specification Count 13 would read that this defendant on the same date and location, while committing this offense, displayed the firearm, brandished a firearm or possessed a firearm or actually used it to facilitate this offense.

In this case the firearm was seen by several officers as they pursued him and found in his possession after the arrest. . . .

With respect to Count 14 the evidence would show beyond a reasonable doubt, same date of December 30-31, 2006, same location, Warren County, Ohio, this defendant had caused the evacuation of a public place causing serious public inconvenience or alarm by committing an offense with reckless disregard and the likelihood that its commission would cause serious public inconvenience or alarm.

In this case this defendant shot over a hundred times at officers causing numerous police officers to arrive at the scene, causing SWAT to be called out, causing evacuation of road and other people around the area, and this resulted in economic harm of over [$]5,000 and less than $100,000 to several cruisers and damages not totaled over this value. . . .

Specification of Count 14 reads the same as the specification to Count 12 in that the defendant committing these offenses did display a firearm, brandished a firearm or indicated the defendant had a firearm.

Once again this defendant numerous times shot at police officers with various

3

revolvers, handguns, committing this crime and committing the specification. . . .

Count 15 would show beyond a reasonable doubt that December 30, 31, 2006 at the same location . . . this defendant did, without privilege to do so, knowingly discharged a firearm into . . . an occupied structure that is a permanent or temporary habitation of any individual.

This defendant, while firing numerous times also hit residences next door to him or across the street, specifically [a specified address] where people were residing were home that night, with bullet holes from this defendant shooting. . . .

Specification of this count would read as the prior to this defendant while committing this offense he displayed a firearm, brandished a firearm, indicated that he possessed a firearm, used it to facilitate this offense in this case.

The defendant, as mentioned, shot numerous times at officers and also as indicated these bullets went across the street at people's residences, an occupied structure that is permanent or temporary habitation of people's homes that night. . . .

Count 16 would show beyond a reasonable doubt, the same dates of December 30, 31, 2006, Warren County, Ohio, this defendant did operate a motor vehicle as to willfully elude a police officer after receiving a visible or audible signal from the police officer to bring the vehicle to a stop.

In this case, as was mentioned already this defendant fled in a police cruiser, was pursued by other police officers. These officers pursued him for several miles, had to close various highways, actually punctured two of the tires the defendant was driving on this vehicle and also made other maneuvers to try to get this vehicle to stop.

The vehicle eventually did stop on the highway but it was after numerous attempts to pull over. . . .

Specification on this count would show this defendant while committing this offense displayed the firearm, brandished the firearm . . ., indicated that the defendant possessed the firearm or used it while facilitating this offense.

Officers pursued him, they observed the firearm in the vehicle in possession by this defendant. . . .

Counts 17, 18 and 19 and 20 would read that between December 30th and 31 of 2006 in Warren County, Ohio, that this defendant did knowingly cause another to believe that the defendant would cause serious physical harm to their person or

4

property of such person . . . and these four counts, when the defendant finally
stopped the vehicle, he exited his vehicle with several weapons and pointed these
weapons at officers and these officers were Sergeant Hartinger . . ., Officer Schro,
Officer Noel, . . . Officer Rockel, . . . all members of the Blue Ash Police
Department who picked up the pursuit as this went along this night. . . .

(*Id.*, September 28, 2007 Plea Hearing Tr. 11-15, at PAGEID#: 870-74).

Petitioner was convicted on all charges upon the trial court's acceptance of his guilty plea.

(*Id.*, September 28, 2007 Plea Hearing Tr. 17, at PAGEID#: 876). Following a sentencing

hearing, the trial court issued a "Judgment Entry Of Sentence" on November 7, 2007 sentencing

petitioner to an aggregate 22-year prison term, "of which 10 years is a mandatory term." (*Id.*,

Exs. 3-4) (emphasis in original).

Petitioner, who was assisted by appellate counsel, timely appealed to the Ohio Court of

Appeals, Twelfth Appellate District, which issued a decision on February 2, 2009 affirming the

trial court's judgment. (*See id.*, Exs. 5-8). Petitioner did not pursue a further appeal to the Ohio

Supreme Court.

## 2. First Motion To Withdraw Guilty Plea: January 7, 2009-June 23, 2010

On January 7, 2009, while his direct appeal was pending before the Ohio Court of

Appeals, petitioner, who was assisted by a new attorney, filed a motion with the trial court to

withdraw his guilty plea based on the claim that he was denied the effective assistance of counsel

during pretrial discovery and the subsequent plea proceedings. (*Id.*, Ex. 9). The trial court denied

the motion on February 20, 2009. (*Id.*, Ex. 11).

Petitioner's counsel pursued a timely appeal on petitioner's behalf to the Ohio Court of

Appeals, Twelfth Appellate District, which issued a decision on November 30, 2009 affirming the

trial court's judgment. (*Id.*, Exs. 12-15). On January 29, 2010, petitioner's counsel next filed a

5

notice of appeal and motion for leave to file a delayed appeal to the Ohio Supreme Court, which

was granted. (*Id.*, Exs. 16-18). However, after consideration of the jurisdictional pleadings that

were filed in the case, the Ohio Supreme Court ultimately decided on June 23, 2010 to deny

petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional

question." (*Id.*, Ex. 21).

### 3.  Application To Reopen Appeal/Resentencing:  March 1-November 3, 2010

In the meantime, on March 1, 2010, petitioner initiated another proceeding in the state

courts by filing an application with the Ohio Court of Appeals, Twelfth Appellate District,

requesting that his appeal be reopened pursuant to Ohio R. App. P. 26(B). (*Id.*, Ex. 22).  In the

application filed with the assistance of yet another new attorney, petitioner asserted that his

appellate counsel was ineffective for failing to present the following claims as assignments of

error on direct appeal:  (1) the trial court erred by failing to notify petitioner at the sentencing

hearing that he would be subject to a mandatory 5-year term of post-release control and that any

post-release control "violation could subject him to additional time up to one-half of his original

stated term"; (2) the trial court "lacked subject-matter jurisdiction over the indictment's failure to

comply count"; and (3) trial counsel was ineffective for failing to raise the two issues in

petitioner's motion to withdraw guilty plea. (*Id.*).

On March 11, 2010, the State filed a motion with the trial court requesting that petitioner

be resentenced for the sole purpose of notifying petitioner regarding post-release control. (*Id.*,

Ex. 26). As requested, a resentencing hearing was held on July 2, 2010, where petitioner was

notified about post-release control and "[b]oth the State and the Defense stipulated that the only

matter that needed to be addressed at the hearing was verbally informing the Defendant of his

post-release control obligations." (*See id.*, Ex. 27). The resentencing entry was filed on July 13,

2010. (*Id.*).

The reopening proceeding was stayed until after petitioner was resentenced. (*Id.*, Exs. 24-

25, 28-30). On November 3, 2010, the Ohio Court of Appeals denied petitioner's application to

reopen the appeal on the ground that "no genuine issue" had been presented as to whether

petitioner "was deprived of the effective assistance of counsel on appeal." (*Id.*, Ex. 31).

**4.  Second Motion To Withdraw Guilty Plea:  March 31, 2010-April 18, 2011**

On March 31, 2010, while the reopening matter was pending before the Ohio Court of

Appeals and prior to petitioner's resentencing regarding post-release control, petitioner's counsel

in the reopening matter filed a second motion to withdraw guilty plea with the trial court on

petitioner's behalf. (*Id.*, Ex. 32).  In that motion, counsel contended that petitioner should be

allowed to withdraw his plea because his trial lawyers were ineffective and the State failed to

provide *Brady* evidence. (*Id.*).  The motion was denied on May 4, 2010 after a hearing where

evidence was presented.  (*Id.*, Ex. 36).

With the assistance of the attorney who had previously assisted petitioner with his first

motion to withdraw guilty plea, petitioner timely appealed to the Ohio Court of Appeals, Twelfth

Appellate District, which issued a decision on April 18, 2011 dismissing the appeal. (*See id.*, Exs.

40, 45).  The appellate court held that the trial court lacked jurisdiction to decide petitioner's

second motion to withdraw guilty plea and should have "simply dismissed appellant's motion

rather than overruling it" because, absent a remand order, the trial court had no authority under

Ohio R. Crim. P. 32.1 to vacate the judgment of conviction and sentence after it had been

affirmed by the Ohio Court of Appeals on direct appeal. (*See id.*).  The court reasoned further:

7

"Because the trial court did not have jurisdiction to decide the motion that is subject of this appeal, the trial court's judgment is null and void." (*Id.*, p. 4, at PAGEID#: 653). The appeal was, therefore, dismissed on the ground that appellate court lacked jurisdiction to review the trial court's "void order[]." (*Id.*).

Petitioner filed a *pro se* motion for reconsideration, which was denied on June 14, 2011. (*Id.*, Exs. 46-47). In denying the motion for reconsideration, the court of appeals expressly rejected petitioner's argument that his second motion to withdraw plea was "erroneously classified . . . as a post-sentence motion." (*Id.*, Ex. 47). In so holding, the court reasoned that petitioner's "entire sentence was not void, only that portion relating to the imposition of post-release control." (*Id.*).

### 5. Motion To Resentence/Third Motion To Withdraw Guilty Plea: May 18, 2011-May 14, 2012

Following the Ohio Court of Appeals' dismissal of the appeal pertaining to petitioner's second motion to withdraw guilty plea, the attorney who represented petitioner in that appeal filed a motion on petitioner's behalf on May 18, 2011, requesting that petitioner be resentenced. (*Id.*, Ex. 48). In that motion, counsel contended that petitioner's resentencing in July 2010 was a "nullity" because the State filed its motion to resentence in March 2010 before the Ohio Supreme Court had issued its final decision on June 23, 2010 denying leave to appeal in the proceedings on his first motion to withdraw guilty plea. (*Id.*). On June 2, 2011, counsel also filed a third motion for withdrawal of petitioner's guilty plea reasserting the same claims that he had presented in the second motion to withdraw plea. (*Id.*, Ex. 50). In that motion, counsel averred that petitioner discovered the *Brady* violation when he obtained a box of previously undisclosed recordings

8

through discovery in a prior federal civil lawsuit filed with this Court in the case entitled *Williams v. Warren County, et al.*, Case No. 1:08-cv-899. (*See id.*, p. 7, at PAGEID#: 674).[1] Counsel further contended that the second motion to withdraw plea, in which the claim was first raised, had been improperly "adjudicated as [a] post-sentence" motion when it actually was a "pre-sentence motion" filed prior to petitioner's resentencing. (*Id.*, p. 1, at PAGEID#: 668).

On July 11, 2011, the trial court dismissed both motions in a "Dismissal Entry." (*Id.*, Ex. 54). The court determined with respect to the motion for resentencing that although petitioner's counsel was "correct" in arguing that the court lacked "jurisdiction to rule on a motion to resentence . . . during the pendency of the appeal to the Ohio Supreme Court," the July 2010 resentencing decision was valid because (1) by that time, the Ohio Supreme Court had declined jurisdiction of petitioner's appeal, and (2) pursuant to Ohio Rev. Code § 2929.191, the trial court had jurisdiction to resentence petitioner at that time on the limited issue of post-release control. (*Id.*, at PAGEID#: 723). The court also held with respect to petitioner's third motion to withdraw his guilty plea that (1) the doctrine of *res judicata* barred consideration of the issues argued in his prior motion to withdraw plea, which had been denied and "previously appealed and affirmed by the court of appeals"; and (2) in accordance with the Ohio Court of Appeals' directive in that matter regarding the court's "authority to rule on post-sentence motions filed by the Defendant,"

---

[1] Although counsel did not state in the motion when the information was obtained, it appears from the docket record of the cited civil case that discovery in that matter was completed by March 1, 2010. *See Williams v. Warren County, et al.*, Case No. 1:08-cv-899 (S.D. Ohio) (HJW; SKB). The civil case closed on May 20, 2011, when the district court entered an Order and Judgment adopting the Magistrate Judge's March 4, 2011 Report and Recommendation to grant the defendants' motions for summary judgment filed March 1, 2010. *See id.* (Docs. 26, 28, 44, 48-49). Indeed, in the affidavits that petitioner later submitted in support of his *pro se* motion to withdraw guilty plea filed in January 2013 with the trial court, he essentially conceded that his trial counsel in the criminal case obtained the information around March 2010 and that he himself was made aware of the information in "mid-2010." (*See* Doc. 8, Ex. 60, at PAGEID#: 802, 804). In any event, the claims were raised in his second motion to withdraw plea, which was filed by an attorney on his behalf on March 31, 2010. (*See id.*, Ex. 32).

9

the motion was subject to dismissal as a jurisdictional matter. (*Id.*, at PAGEID#: 724-26).

Petitioner's counsel pursued a timely appeal on petitioner's behalf to the Ohio Court of Appeals, Twelfth Appellate District. (*Id.*, Ex. 55). On May 14, 2012, the Ohio Court of Appeals affirmed the trial court's judgment. (*Id.*, Ex. 58). In affirming the dismissal of petitioner's third motion to withdraw his guilty plea, the state appellate court once again emphasized: "Because this court affirmed Williams' conviction [on direct appeal], the trial court was without jurisdiction to decide his third motion to withdraw his guilty plea, just as it was without jurisdiction to decide his second motion to withdraw his guilty plea." (*Id.*, at PAGEID#: 794).

**6.  Fourth Motion To Withdraw Guilty Plea: January 14, 2013-December 4, 2013**

Proceeding *pro se*, petitioner next filed yet another motion to withdraw guilty plea with the trial court on January 14, 2013. (*Id.*, Ex. 60). In his fourth such motion, petitioner again argued that he should be allowed to withdraw his plea because the State withheld *Brady* evidence, which was not disclosed to petitioner's trial counsel until March 2010, "two and a half years" after petitioner's conviction and sentence in November 2007. (*See id.*, at PAGEID#: 799-800, 802). Petitioner attached the affidavit of his trial counsel, as well as his own affidavit, as support for the motion. (*Id.,* at PAGEID#: 802-04). Petitioner also filed motions for evidentiary hearing, appointment of counsel and pauper status. (*See id.*, Exs. 59, 61). On January 24, 2013, the trial court summarily denied petitioner's motions, noting that it had previously rendered a decision on July 11, 2011 dismissing petitioner's "then-pending motions to withdraw plea and request for resentencing." (*Id.*, Ex. 63).

Petitioner pursued a timely *pro se* appeal to the Ohio Court of Appeals, Twelfth Appellate District. (*Id.*, Ex. 64). On June 17, 2013, the Court of Appeals dismissed the appeal for the

10

reasons set forth in its April 18, 2011 decision dismissing on jurisdictional grounds petitioner's

appeal from the denial of his second motion to withdraw guilty plea.  (*Id.*, Ex. 68).

On October 22, 2013, petitioner filed a *pro se* notice of appeal and motion for leave to file

a delayed appeal to the Ohio Supreme Court.  (*Id.*, Exs. 69-70).  On December 4, 2013, the Ohio

Supreme Court denied the motion and dismissed the matter without opinion.  (*Id.*, Ex. 71).

### B. Federal Habeas Corpus Petition

The instant federal habeas action commenced on March 21, 2014.  (*See* Doc. 1).

However, for statute of limitations purposes, it is presumed that petitioner's habeas petition was

filed on March 13, 2014, the date that petitioner claims he placed the *pro se* pleading in the prison

mailing system for submission to this Court.  (*See* Doc. 1, p. 15, at PAGEID#: 15).[2]  In the

petition, he alleges the following grounds for relief:

**Ground One:**  Petitioner was deprived of effective counsel on appeal, in violation of 6th and 14th Amendments.

**Supporting Facts:**  Appellate counsel failed to argue the conviction for failure to comply is void for lack of allegation of all elements in charging instrument.

**Ground Two:**  Appella[nt] was deprived of due process of law where the trial court accepted a guilty plea and entered judgment on an offense that was not properly charged in the indictment.

**Supporting Facts:**  Petitioner was charged with Failure to Comply with the order of a police officer as a third degree felony.  In order to elevate this offense to a F-3 from a[] F-4, the element of "operation of the vehicle proximately caused or risked serious physical harm" under Ohio Revised Code §2921.331(B)(5)(a)(i) must be alleged and was not, rendering the conviction void.

---

[2] It is well-settled that the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing.  *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006).

**Ground Three:**  Petitioner was deprived of effective counsel during pretrial and plea proceedings, in violation of the 6th and 14th Amendments.

**Supporting Facts:**  Counsel failed to prepare for trial by obtaining all relevant records, interviewing witnesses, and obtaining a myriad of mitigating evidence, and ind[u]ced a guilty plea to the indictment, including to an offense that was not properly charged as a third degree felony, which resulted in an additional year of incarceration, and all of which adversely affected the outcome of proceedings.

**Ground Four:**  Petitioner was deprived of due process of law where the prosecutor withheld exculpatory mitigation evidence, in violation of the 5th and 14th Amendments.

**Supporting Facts:**  The prosecutor withheld recordings which demonstrate Petitioner's multiple attempts to surrender, as well as information demonstrating that he was actively misled by the police, which served to perpetuate the inci[d]ent. These tapes were only finally revealed in discovery in a civil action, . . ., and included an entire box o[f] tapes and CD's which had been required in discovery but withheld by the prosecution and which adversely affected the ability to make an informed decision to plead guilty, rendering the resulting plea invalid.

(*Id.,* pp. 6, 7, 9, 10, at PAGEID#: 6-7, 9, 10).

Respondent has filed a motion to dismiss the petition.  (Doc. 8).  Respondent primarily contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d).  (*Id.*, pp. 18-26, at PAGEID#: 45-53).  Petitioner's counsel has filed a brief opposing the motion to dismiss.  (Doc. 16).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 8) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

12

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the

pendency of a properly filed application for state post-conviction relief or other collateral review.

The Court must first determine which limitations provision contained in 28 U.S.C. §

2244(d)(1) applies to petitioner's four grounds for relief. It is clear from the record that §

2244(d)(1)(B) and § 2244(d)(1) (C) are inapplicable because petitioner neither has alleged that he

was prevented from filing a timely habeas petition by any state-created impediment to filing, nor

has asserted a constitutional right newly recognized by the United States Supreme Court and

made retroactively applicable to cases on collateral review. It appears from the record that the

claims alleged in Grounds One and Two of the petition are governed by the one-year statute of

limitations set forth in § 2244(d)(1)(A) because the factual bases for those claims were

discoverable in the exercise of due diligence before the conclusion of direct review or expiration

of time for seeking such review. On the other hand, as petitioner has pointed out in his

memorandum in opposition to the motion to dismiss, it appears that the claims alleged in Grounds

Three and Four are governed by § 2244(d)(1)(D) to the extent that the factual predicate for those

claims was not discovered by petitioner until, at the latest by petitioner's own admission, in "mid-

13

2010." (*See* Doc. 8, Ex. 60, at PAGEID#: 804).

Both parties agree that petitioner's conviction became final under § 2244(d)(1)(A) on March 19, 2009, when the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' February 2, 2009 direct appeal decision. (*See* Doc. 8, p. 19, at PAGEID#: 46; Doc. 16, p. 12, at PAGEID#: 966); *see also* Ohio S.Ct. Prac. R. 7.01(A)(1)(a)(i). Moreover, it is clear from the record that by the time petitioner's counsel filed the second motion to withdraw guilty plea on petitioner's behalf on March 31, 2010, alleging a *Brady* violation and ineffective assistance of trial counsel, the factual predicate for those claims was well known to petitioner. As both parties have indicated, however, the statute of limitations did not begin to run when petitioner's conviction became final on March 19, 2009, or even on March 31, 2010, because throughout that entire time period, the statute was tolled under 28 U.S.C. § 2244(d)(2) by the pendency of proceedings before the state courts on petitioner's first motion to withdraw his guilty plea,[3] as well as petitioner's application to reopen his direct appeal and resentencing for the purpose of post-release control notification.

The first possible date that tolling under § 2244(d)(2) ended to trigger the running of the one-year limitations period was November 3, 2010, when the Ohio Court of Appeals issued the final ruling in the reopening matter denying petitioner's application to reopen his direct appeal. (*See* Doc. 8, Ex. 31). Both parties have suggested that the statute of limitations remained tolled

_____

[3] An argument can be made that at least with respect to the claims alleged in Grounds One and Two of the petition, the statute of limitations began to run on January 15, 2010 (one day after the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' November 30, 2009 decision affirming the denial of petitioner's first motion to withdraw his plea), and ran for 14 days before it was tolled again on January 29, 2010 by the filing of petitioner's notice of appeal and motion for delayed appeal to the Ohio Supreme Court. (*See* Doc. 8, Exs. 15-17). However, because the delayed appeal was granted by the Ohio Supreme Court presumably because cause was shown by petitioner's counsel for his delay in filing (*see id.*, Ex. 18), the undersigned will assume in petitioner's favor that the statute of limitations remained tolled during that 14-day period.

14

even longer until May 14, 2012, during the pendency of the state proceedings on petitioner's

second motion to withdraw guilty plea filed March 31, 2010, followed by petitioner's motion to

resentence filed May 18, 2011 and third motion to withdraw guilty plea filed June 2, 2011. (*See*

Doc. 8, p. 20, PAGEID#: 47; Doc. 16, p. 13, at PAGEID#: 967). However, in extending the

statutory tolling provision to those additional state-court filings, the parties have failed to take into

account the fact that in accordance with the Ohio Supreme Court's decision in *State ex rel.*

*Special Prosecutors v. Judges, Court of Common Pleas*, 378 N.E.2d 162, 165 (Ohio 1978), the

Ohio Court of Appeals, as the final arbiter of petitioner's second and third motions to withdraw

guilty plea, dismissed the appeals pertaining to those motions on the ground that the trial court

lacked jurisdiction to consider the motions filed after the Ohio Court of Appeals had affirmed the

trial court's judgment of conviction and sentence on direct appeal. (*See id.*, Exs. 45, 58).

Courts have held that motions which the trial court lacks jurisdiction to consider,

including motions to withdraw a guilty plea, cannot serve to toll the limitations period under §

2244(d)(2) because such motions are not "properly filed" within the meaning of the statute. *See,*

*e.g., Zudell v. Bradshaw*, No. 1:03cv1591, 2005 WL 1532595, at *3 (N.D. Ohio June 29, 2005)

(citing *Godfrey v. Beightler*, 54 F. App'x 432, 432-33 (6th Cir. 2002)) (holding in an analogous

case that a motion to withdraw a guilty plea, which the trial court lacked jurisdiction to consider

because the motion was filed after the petitioner's "case went through the entire direct appeal

process," was not "properly filed" within the meaning of § 2244(d)(2) and, therefore, did not toll

the limitations period while it was pending before the state courts); *see also Vultee v. Sheets,* No.

3:10cv278, 2010 WL 6389595, at *2 (S.D. Ohio July 27, 2010) (Merz, M.J.) (Report &

Recommendation) (rejecting any argument by the petitioner that the habeas limitations period was

15

tolled under § 2244(d)(2) during the pendency of his motion to withdraw guilty plea in the state

courts because "the statute of limitations is tolled only by the pendency of a properly filed

collateral attack, and [the state trial judge] held that Ohio courts do not have jurisdiction to

consider a motion to withdraw on a basis which has previously been affirmed by the court of

appeals"), *adopted*, 2011 WL 1211558 (S.D. Ohio March 29, 2011) (Rice, J.). *Cf. Munchinski v.*

*Wilson*, 694 F.3d 308, 328 (3rd Cir. 2012) (holding that the one-year statute of limitations

governing the habeas petitioner's *Brady* claims was not statutorily tolled by the pendency in the

state courts of a post-conviction petition that was dismissed for lack of jurisdiction, because "[a]s

such, the petition was never properly filed" within the meaning of § 2244(d)(2)); *Larry v. Dretke*,

361 F.3d 890, 894-95 (5th Cir. 2004) (holding that state habeas application that the state trial

court lacked jurisdiction to consider was not "properly filed" and thus did not toll the limitations

period even though the application was "mistakenly" reviewed and denied on the merits by the

trial court). Accordingly, because the trial court lacked jurisdiction to consider petitioner's

second and third motions to withdraw his guilty plea, it appears that the time those motions were

pending before the state courts should not be included in the tolling calculation under §

2244(d)(2). Nevertheless, out of an abundance of caution and solely out of concern that

petitioner's resentencing in July 2010 for the limited purpose of rectifying the error in post-

release control notification may have rendered the jurisdictional issue less clear, as exhibited by

the attorney who filed the motion to resentence and third motion to withdraw guilty plea on

petitioner's behalf with the trial court, the undersigned will assume in petitioner's favor that the

statute remained tolled as both parties have contended through May 14, 2012. The statute,

therefore, began running at the very latest on May 15, 2012 and expired one year later on May 15,

2013 absent any further statutory tolling of the limitations period or application of equitable

tolling principles.

Both parties have indicated that the statute of limitations ran for 245 days and was then

tolled by the filing on January 14, 2013 of petitioner's fourth motion to withdraw his guilty plea.

(*See* Doc. 8, pp. 20-21, at PAGEID#: 47-48; Doc. 16, p. 13, at PAGEID#: 967). However, the

Ohio courts made it clear in ruling on petitioner's third motion to withdraw guilty plea that the

trial court lacked jurisdiction to consider any motion to withdraw plea filed by petitioner after his

conviction was affirmed by the Ohio Court of Appeals on direct appeal in 2009. (*See* Doc. 8,

Exs. 54, 58). Petitioner has been afforded the benefit of the doubt with respect to both his second

and third motions to withdraw guilty plea, even though the Ohio Court of Appeals found that both

such motions were subject to dismissal on jurisdictional grounds. After the Ohio Court issued the

final ruling on petitioner's third motion to withdraw plea in May 2012, no doubt or confusion

remained that any further motion to withdraw plea would face the same jurisdictional bar to

review. As discussed above, because the trial court clearly lacked jurisdiction to consider

petitioner's fourth motion to withdraw guilty plea, the motion was not "properly filed" within the

meaning of § 2244(d)(2) and, therefore, did not serve to statutorily toll the running of the statute

of limitations while it was pending before the state courts.

The AEDPA's statute of limitations is also subject to equitable tolling, *see Holland v.*

*Florida,* 560 U.S. 631, 645 (2010), "when a litigant's failure to meet a legally-mandated deadline

unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon*

*Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783

(6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at

784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has

been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way

and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted));

*see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously

utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable

tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework"

to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th

Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which

requires both reasonable diligence and an extraordinary circumstance, has become the law of this

circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has argued that he has been diligently pursuing his rights in the state courts.

However, he has not shown that an "extraordinary circumstance" prevented him from filing a

timely habeas petition within one year after the Ohio Court of Appeals issued its ruling on May

14, 2012 dismissing the appeal from the denial of his third motion to withdraw guilty plea on

jurisdictional grounds.

Finally, petitioner has not shown that the procedural bar to review should be excused

based on a colorable showing of actual innocence. "To invoke the miscarriage of justice

exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely

than not that no reasonable juror would have convicted him in the light of . . . new evidence."

*McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo,* 513 U.S.

298, 327 (1995)). Although petitioner generally contends that the evidence he submitted in

support of his motions to withdraw his guilty plea reveals that he "had valid defenses to his

18

charges," upon review of the entire record, the undersigned is convinced that the evidence relied

on does not demonstrate that it is more likely than not that no reasonable juror would have

convicted petitioner if the matter had proceeded to trial.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus

petition is barred from review by the one-year statute of limitations governing habeas corpus

actions brought pursuant to 28 U.S.C. § 2254.  Assuming in petitioner's favor, after affording him

the benefit of any doubt by allowing his second and third motions to withdraw guilty plea to toll

the statute of limitations despite their dismissal on jurisdictional grounds, the statute was tolled

and did not begin to run until May 15, 2012, over three years after petitioner's conviction became

final on March 19, 2009 and over two years after petitioner allegedly discovered the factual

predicate of the claims alleged in Grounds Three and Four of the petition.  The limitations period

expired one year later on May 15, 2013.  Neither statutory nor equitable tolling principles apply to

further extend the limitations period or otherwise avoid the statute of limitations bar to review in

this case.  Therefore, respondent's motion to dismiss (Doc. 8) should be **GRANTED** on the

ground that the instant habeas corpus petition, filed on March 13, 2014, is time-barred.

### IT IS THEREFORE RECOMMENDED THAT:

1.  Respondent's motion to dismiss (Doc. 8) be **GRANTED**, and petitioner's petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on

the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2.  A certificate of appealability should not issue with respect to any of the claims for

relief alleged in the petition, which this Court has concluded is barred from review on a

procedural ground, because under the first prong of the applicable two-part standard enunciated in

Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[4]

    3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: _1/30/15_

Karen L. Litkovitz
United States Magistrate Judge

---

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

20

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LINDSEY WILLIAMS,
     Petitioner,

    vs

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
     Respondent.

Case No. 1:14-cv-241

Bertelsman, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc